| | |
|---|---|
| **In re:** | |
| **JORGE R. FIGUEROA RODRIGUEZ;**<br>**CARMEN N. MATOS DEL VALLE** | **CASE NO.   09-02390(BKT)** |
| **Debtors** | **CHAPTER 13** |
| **JORGE R. FIGUEROA RODRIGUEZ;**<br>**CARMEN N. MATOS DEL VALLE** | |
| **Plaintiffs** | **ADV. NO. 11-00167(BKT)** |
| **v** | |
| **DORAL BANK** | |
| **Defendant** | |

## ANSWER TO COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Defendant **DORAL BANK ("DORAL")**, through the undersigned counsel, and very respectfully answer the Complaint filed on August 10, 2011:

1.      Paragraph One (1) is does not require a responsive pleading.

2.      Paragraph Two (2) is admitted.

3.      Paragraph Three (3) is admitted.

4.      Paragraph Four (4) is admitted.

5.      Paragraph Five (5) is denied, except that José Ramón Carrión Morales, Esq. is the duly appointed Chapter 13 trustee.

6.      Paragraph Six (6) is admitted.

7.      Paragraph Seven (7) is admitted.

8.      Paragraph Eight (8) is admitted.

9.      Paragraph Nine (9) is admitted.

10.     Paragraph Ten (10) is admitted.

11.     Paragraph Eleven (11) is admitted.

12.     Paragraph Twelve (12) is admitted.

13.     Paragraph Thirteen (13) is admitted.

14.     Paragraph Fourteen (14) is admitted.

15.     Paragraph Fifteen (15) is admitted.

16.     Paragraph Sixteen (16) is admitted.

17.     Paragraph Seventeen (17) is admitted.

18.     Paragraph Eighteen (18) is admitted.

19.     Paragraph Nineteen (19) is denied for lack of information and belief.

20.     Paragraph Twenty (20) is admitted.

21.     Paragraph Twenty-one (21) is admitted.

22.     Paragraph Twenty-two (22) does not require a responsive pleading.

23.     Paragraph Twenty-three (23) is denied, since Doral was unaware that its counsel, Nathalia M. Rivera Florez had failed to obey its instructions to pursue the local court action *in rem.*

24.     Paragraph Twenty-four (24) is denied, since Doral did not commit any of the alleged illegal acts.  All pleadings in the local court action were drafted by counsel Nathalia M. Rivera Florez, who was unaware that she had committed a mistake and who did not receive any previous

inquiry or notice from Plaintiffs on whether Doral was really trying to collect any deficiency from them.

25. Paragraph Twenty-five (25) is denied, since Doral did not commit any of the alleged illegal acts.

26. Paragraph Twenty-six (26) is denied, since Doral did not commit any of the alleged illegal acts or act in contempt of this Honorable Court's Orders.

27. Paragraph Twenty-seven (27) does not require a responsive pleading.

28. Paragraph Twenty-eight (28) is denied, since Doral did not commit any of the alleged illegal acts, and it specifically instructed its counsel to pursue the local court action *in rem*.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state allegations justifying the relief requested.

2. Doral could not commit a willful act, since it specifically instructed its counsel to pursue the local court action *in rem*.

3. Doral could not be contemptuous of this Honorable Court, since it specifically instructed its counsel to pursue the local court action *in rem*.

4. Plaintiffs did not suffer any of the claimed damages, since they did not defend themselves in the local court action, and waited until this adversary proceeding to claim damages.

5. Plaintiffs did not attempt to mitigate damages by contacting its bankruptcy counsel, or Doral's counsel.

6. Upon learning of this Complaint, Nathalia M. Rivera Florez immediately contacted attorney Roberto Figueroa Carrasquillo to explain of her mistake and to provide evidence that she was and had moved the local court to correct her pleadings and judgment *nunc pro tunc*.

7.      The case at bar is not a willful violation of stay, but an instance of sloppy drafting by neophyte attorney, Nathalia M. Rivera Florez.

8.      Nathalia M. Rivera Florez, Esq. passed the federal bar in 2010, and has never been previously accused of violating federal laws or had been sanctioned by the United States Bankruptcy Court for the District of Puerto Rico.

9.      Nathalia M. Rivera Florez, Esq. should be reprimanded for not reviewing the instructions from her clients and for not reviewing her pleadings for accuracy.

10.     Doral did not learn of the unauthorized mistakes of Nathalia M. Rivera Florez, Esq. until its receipt of copy of the Complaint.

11.     Sergio A. Ramírez de Arellano, Esq., the employer of Nathalia M. Rivera Florez, Esq. did not learn of her unauthorized mistakes until its receipt of copy of the Complaint.

12.     Doral reserves the right to amend its answer to the Complaint based upon additional facts that may arise in discovery and during the prosecution of this case.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter an order dismissing the Complaint.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed electronically on this day with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to **Roberto Figueroa Carrasquillo, Esq.,** rfigueroa@rfclawl.com.

San Juan, Puerto Rico, this 18th day of September, 2011.

s/SERGIO A. RAMIREZ DE ARELLANO
SERGIO A. RAMIREZ DE ARELLANO
Attorney for DORAL
Suite 1022, Banco Popular Center
209 Muñoz Rivera Avenue
San Juan, PR 00918-1009

Tel. (787) 765-2988;  764-6392
FAX (787) 765-2973
U.S.D.C. 126804
sramirez@sarlaw.com